Dear Representative Cantrell:
This opinion is in response to your question asking:
 Is it permissible for the custodians of records for municipalities, fire districts, school districts or Southeast Missouri State University to refuse to allow access for purposes of inspection or copying (with reasonable costs to be remitted by requestor) records indicating the name, occupation and wages paid all workmen on public projects when such records are maintained by the custodians in question pursuant to Section 290.290 R.S.Mo.?
Section 290.290, RSMo 1986, does not impose a duty upon a contracting governmental body to maintain the records described in your question. Rather, Section 290.290.1, RSMo 1986, provides:
 290.290. Contractor's payroll records, contents — affidavit of compliance required. — 1. The contractor and each subcontractor engaged in any construction of public works shall keep full and accurate records clearly indicating the names, occupations and crafts of every workman employed by them in connection with the public work together with an accurate record of the number of hours worked by each workman and the actual wages paid therefor. The payroll records required to be so kept shall be open to inspection by any authorized representative of the contracting public body or of the department at any reasonable time and as often as may be necessary and such records shall not be destroyed or removed from the state for the period of one year following the completion of the public work in connection with which the records are made. [Emphasis added.]
* * *
Contractors are required by this section to keep these records and to allow inspection at any reasonable time by "any authorized representative of the contracting public body."
Department of Labor and Industrial Relations, Division of Labor Standards, Prevailing Wage Law Rules provide as follows:
 (8) Successful bid contractors shall submit certified copies of their payrolls to the contracting public body.
8 CSR 30-3.010(8).
If the contracting governmental body maintains copies of these records, then the question arises as to whether Chapter 610, RSMo, requires that they be made available for inspection and copying.
Section 610.010(4), RSMo Supp. 1988, defines a public record as follows:
 (4) "Public record", any record retained by or of any public governmental body including any report, survey, memorandum, or other document or study prepared and presented to the public governmental body by a consultant or other professional service paid for in whole or in part by public funds; . . .
Section 610.010(2), RSMo Supp. 1988, defines a public governmental body as follows:
 (2) "Public governmental body", any legislative, administrative governmental entity created by the constitution or statutes of this state, by order or ordinance of any political subdivision or district, or by executive order, including any body, agency, board, bureau, council, commission, committee, board of regents or board of curators of any institution of higher education, supported in whole or in part from state funds, advisory committee or commission appointed by the governor by executive order, department, or division of the state, of any political subdivision of the state, of any county or of any municipal government, school district or special purpose district, any other legislative or administrative governmental deliberative body under the direction of three or more elected or appointed members having rulemaking or quasi-judicial power, any committee appointed by or under the direction or authority of any of the above named entities and which is authorized to report to any of the above named entities, and any quasi-public governmental body. . . .
Public governmental bodies are required to "make available for inspection and copying by the public of that body's public records." Section 610.023.2, RSMo Supp. 1988. Section 610.021, RSMo Supp. 1988, sets out specific statutory exceptions allowing records retained by a public governmental body to be closed. A review of Section 610.021 reveals no specific exception applicable to the records described in your question. Section610.021(13) allows closure of "[i]ndividually identifiable personnel records, performance ratings or records pertaining to employees or applicants for employment;" however, it specifically states that "this exemption shall not apply to the names, positions, salaries and lengths of service of officers and employees of public agencies . . ." Therefore, copies of records of the information set out in Section 290.290 are public records as defined in Section 610.010(4) if retained by a public governmental body and must be made available for inspection and copying pursuant to Section 610.023.
CONCLUSION
It is the opinion of this office that if a public governmental body retains copies of records of the information set out in Section 290.290, RSMo 1986, they are public records as defined in Section 610.010(4), RSMo Supp. 1988, and must be made available for inspection and copying pursuant to Section610.023, RSMo Supp. 1988.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General